Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission affirms and adopts the Opinion and Award of former Deputy Commissioner Hedrick.
 ***********
Based upon all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing, plaintiff was 42 years old. She was not employed.
2. Following her 22 April 1991 injury, plaintiff experienced pain in her neck, shoulders and upper extremities. The symptoms in her upper extremities included alteration of normal sensations. She had marked tightness with significant trigger points bilaterally in the periscapular and paracervical areas. Plaintiff experienced symptoms of pain and numbness in her upper extremities as early as 1983. Plaintiff continued to experience these symptoms through the date of the first hearing in this claim.
3. On 18 December 1992, plaintiff regained the capacity to earn wages equal to or greater than the wages she was earning on 22 April 1991, the date of her injury. However, plaintiff did not work for any employer until June 1997 when she returned to work as a waitress. Plaintiff worked as a waitress for approximately three months. Plaintiff testified that she was unable to perform her duties as a waitress because she was unable to make change, remember things well or hold things well. Plaintiff testified that her inability to hold items while working as a waitress was caused by her carpal tunnel syndrome. Plaintiff also experienced difficulty lifting food trays while working as a waitress. Plaintiff experienced difficulty lifting trays due to low back pain, a condition not caused by her 22 April 1991 injury.
4. Plaintiff has bilateral carpal tunnel syndrome. Plaintiff contracted bilateral carpal tunnel syndrome prior to her injury on 22 April 1991. Plaintiffs injury did not significantly aggravate or accelerate her carpal tunnel syndrome.
5. In September 1997, plaintiff became employed as a paralegal. She worked in this position through March 1998. This employment was terminated due to plaintiffs unsatisfactory job performance. Plaintiff testified that her job performance was unsatisfactory due to excessive absenteeism, the stressful nature of the position and the fact that she was taking medications that interfered with her ability to perform the duties of the position. Plaintiff testified that her absences and the medications she was taking were necessitated by her injury and the symptoms she was experiencing as a result thereof.
6. Plaintiff presented to Dr. Bakers medical practice on 15 October 1998. On that date, plaintiff was seeking an evaluation of and management for chronic pain. Plaintiff complained of pain in her neck, upper back, both arms and both hands. Plaintiff reported that she had experienced these symptoms since 1991.
7. Dr. Baker has diagnosed plaintiff with chronic pain syndrome and fibromyalgia. Dr. Baker made these diagnoses based upon plaintiffs consistent complaints of pain in her upper extremities, shoulders and neck. The symptoms experienced by plaintiff in her upper extremities, shoulders and neck are of the same kind and character as the symptoms she experienced immediately following her 22 April 1991 injury and at the time of the first hearing in this claim.
8. In addition to diagnosing plaintiffs carpal tunnel syndrome, Dr. Brezicki diagnosed plaintiff as having thoracic outlet syndrome. Plaintiffs thoracic outlet syndrome was not caused by her 22 April 1991 injury. Dr. Brezicki also treated plaintiff for headaches, a hiatal hernia, and ulnar nerve palsy. These conditions were not caused, aggravated or accelerated by her 22 April 1991 injury.
9. Plaintiff has remained capable of earning wages since 18 December 1992. Plaintiff has sustained no change of her physical condition or her ability to earn wages since the date of the previous award in this claim.
10. The evidence of record is insufficient to prove by its greater weight that plaintiff sustained any permanent impairment of her spine as a result of her injury on 22 April 1991.
 ***********
Based upon the foregoing findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. To the extent that plaintiff seeks compensation for disability caused by conditions that existed at the time of the prior hearing, her claim is barred by the doctrine of res judicata. Stanley v. Gore Bros.,82 N.C. App. 511, 347 S.E.2d 49 (1986).
2. Since 18 December 1992, plaintiff has remained capable of earning wages equal to or greater than the wages she earned on 22 April 1991.
3. Plaintiff is entitled to no additional temporary disability compensation as a result of her 22 April 1991 injury. N.C. Gen. Stat.97-29; 97-30.
4. Plaintiff is entitled to no permanent partial disability compensation as a result of her 22 April 1991 injury. N.C. Gen. Stat.97-31.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiffs claim for additional disability compensation as a result of her 22 April 1991 injury must be, and the same is hereby, DENIED.
2. Each party shall bear its own costs, except that defendants shall pay both Drs. Brezicki and Bell $250.00 as expert witness fees.
This the ___ day of April, 2001.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER